IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN COLTRANE THOMPSON and<br>NICHOLAS STEPHEN MCCLAIN,<br><br>　　　　　　Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 1:04-CR-148 TC |

　　　　On May 12, 2005, the court granted the Defendants' motions to suppress certain evidence. The United States filed a Motion for Reconsideration on June 8, 2005. The Defendants have not responded to the motion for reconsideration and the time for doing so has passed. For the reasons set forth below, the United States' Motion for Reconsideration is DENIED.

　　　　The United States contends that the court misinterpreted evidence presented at the January 26, 2005 evidentiary hearing. Specifically, the government argues that the court incorrectly characterized the seized gun as "broken." Further, the government argues that the court should have found that the officer, upon learning of the rifle's presence in the truck, had reasonable suspicion of more serious criminal activity, thereby justifying the continuing detention, search and questioning of the defendants. As part of its motion for reconsideration, the government raises, for the first time, an argument that the gun's presence in the truck violated

Utah gun laws. In its motion, the government attempts to shift blame that "the record does not fully frame the issues raised by Utah weapons law" because "[b]efore the officer could articulate his reasonable suspicions based upon Utah law, the Court focused the proceedings elsewhere" and cut off the line of questioning. (Gov't's Mot. For Reconsideration at 9.) Based on the court's review of the record, including the government's motion for reconsideration and its post hoc rationales, the court finds that the government has not provided sufficient reason to justify reversal by this court of its order suppressing the evidence.

The government asks the court to assume facts not in evidence. The United States suggests that "[w]hen the driver informed the officer that the firearm inside the cab was 'broken down,' that phrase had specific meaning to the officer." (Mot. for Reconsideration at 3.) Nothing in the previous record supports the government's contention and the government presents no evidence now to support its contention. The government had every opportunity at the evidentiary hearing and in its brief to define the meaning of "broke down" or "broken down" as a term of art and to demonstrate how the officer interpreted the term used by the driver. The court will not take judicial notice of a purported term of art, and the court may not impute certain understandings to a witness who has not testified in such a way. Even if the court were to re-analyze the matter by treating the phrase "broken down" as meaning "disassembled," there is no evidence in the record regarding what threat a gun in such a state would pose. For example, nowhere does the record address how easy it would be to re-assemble and load the gun, or whether the officer had reason to believe that the defendant was lying about the gun's state. The court also finds that the government had ample opportunity to cite to the Utah weapons law in its initial brief and explore the issue during the evidentiary hearing, but it refrained from doing so.

**ORDER**

For the reasons set forth above, the United States' Motion for Reconsideration is DENIED.

IT IS SO ORDERED this 7th day of July, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge